**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALFRED LO,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>VERIZON WIRELESS LLC aka<br>VERIZON COMMUNICATIONS,<br>INC.,<br><br>　　　　　Defendant(s). | 2:13-CV-2329 JCM (NJK) |

**ORDER**

Presently before the court is defendant Cellco Partnership's (hereinafter "Verizon Wireless" or "defendant") motion to partially dismiss. (Doc. # 10). Plaintiff Alfred Lo (hereinafter "plaintiff") responded, (doc. # 11), and defendant replied, (doc. # 13).

**I.     Background**

This action arises from the termination of the plaintiff's employment, which occurred when defendant refused to rescind plaintiff's resignation on August 19, 2011. On April, 24, 2012, 249 days after resigning, the plaintiff filed a "charge of discrimination" with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that the defendant discriminated against him based on age and national origin, and then "terminated" him in retaliation for voicing his concerns about disparate treatment, lack of adequate training and supervision, and harassing conduct prior to his resignation. The plaintiff alleges that the "termination" was facilitated through disparate treatment

**James C. Mahan**
**U.S. District Judge**

and encouragement by the plaintiff's immediate supervisor to resign. (Doc. # 13).

The defendant brings the instant motion on the basis that the claims are time barred by statute of limitations and fails to meet the standard set by Federal Rule of Civil Procedure 12(b)(6). (Doc. # 10).

**II.     Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**James C. Mahan**
**U.S. District Judge**

- 2 -

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III. Discussion**

**A. The plaintiff's state law employment discrimination claims are time barred (claims one, two, three, five, seven, and eight).**

**I. Complaints of employment discrimination under NRS 613.430 must be filed within 180 days from the late date of alleged harm (claims one, two, and seven).**

The defendant claims that the plaintiff's first and second causes of action (to the extent that the plaintiff seeks relief under Nevada state law) and seventh cause of action must be dismissed with prejudice, as they are time barred under NRS 613.430, which provides that the plaintiff must bring a cause of action arising under NRS 613.330 to the district court within 180 days from the last date of alleged harm. *Russo v. Clearwire US, LLC*, 2013 WL 1855753 at *4 (D. Nev. Apr. 30, 2013) (dismissing plaintiff's claim for violation of NRS 613.330 when outside 180-day window); *Kora v. Renown Health,* 2010 WL 2609049 at *3 (D. Nev. June 24, 2010) (same); *see also Foster v. Wyett*, No. CV-N-97-611-DWH-PHA, 1998 WL 643872 at *9 (D. Nev. Sept. 11, 1998) *aff'd sub nom. Foster v. State*, 23 F. App'x 731 (9th Cir. 2001) (holding that an EOCC investigation does not toll the statute of limitations and an employee might be required to file a NRS 613.330 claim in state court before the EOCC has even issued a right to sue letter required to bring a Title VII claim in federal court). It is clear in the instant case that the plaintiff did not file his complaint for over two years and four months after the last alleged discriminatory act, thereby exceeding the 180-day limitations period. Therefore, the plaintiff is time barred from raising these causes of action.

### ii. The statute of limitations for public policy tort (claim three), negligent hiring, supervision, and/or training (claim five), and intentional infliction of emotional distress (claim eight) bars the plaintiff from relief under Nevada state law for tort claims.

Under NRS 11.190 which establishes periods of limitations for causes of action, a two-year statute of limitations is imposed for the recovery against another party's wrongful act or negligence. *See State Farm Mut. Auto Ins. Co. v. Fitts*, 99 P.3d 1160, 1161 (Nev. 2004) (recognizing the "two-year statute of limitations governing tort actions brought in Nevada"). The statute of limitations began to run on August 19, 2011, the date of the last alleged discriminatory act, and the plaintiff did not file suit until December 23, 2013, over two years and four months later. Therefore, the plaintiff's claims for "public policy tort," "negligent hiring, supervision, and/or training," and "intentional infliction of emotional distress" are time barred under the two-year statute of limitations period for tort claims.

### iii. Delay is not justified based on "inexperience" or ignorance of the statute of limitations; nor does the instant case call for equitable tolling.

The plaintiff argues that the court should accommodate the plaintiff's failure to file suit within the required statutory period because of his lack of familiarity with the statutory scheme. The court construes this argument as a request to apply the doctrine of equitable tolling. Courts look to "remedial and humanitarian underpinnings" of employment discrimination statutes and are reluctant to allow "procedural technicalities" to bar discrimination claims. *See Copeland v. Desert Inn Hotel*, 673 P.2d 490, 492 (Nev. 1983).

In determining whether the doctrine of equitable tolling should apply, the court considers several factors including "the diligence of the claimant; the claimant's knowledge of relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 result from delay during the time that the limitations period is tolled; and any other equitable
2 considerations appropriate in the particular case." *Id.*

3 In the instant case, where has been an insufficient level of diligence on behalf of the plaintiff
4 and there is no evidence of false assurances or bad faith on behalf of the employer, equitable tolling
5 of the statute of limitations is not warranted. Nevada law does not recognize "inexperience" or
6 ignorance of state law as sufficient to overcome the statute of limitations. Furthermore, untimely
7 filing should result in a dismissal with prejudice as there is no amendment that could be made to the
8 complaint which would make these claims actionable once the statutory period has expired. *See City
9 of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009) ("Claims should be dismissed
10 with prejudice only when it is clear that no amendment could cure a defect in the complaint.").

11 **B. Respondeat superior (claim four) does not exist as a claim for relief under Nevada**
12 **law.**

13 The plaintiff's claim for "respondeat superior" seeks to hold the defendant liable for the torts
14 allegedly committed by the plaintiff's immediate supervisor. However, *respondeat superior* is a
15 theory of attributing liability, and is not itself a stand-alone claim for relief. *See Beckwith v. Pool*,
16 case no. 2:13-cv-125-JCM-NJK, 2013 WL 3049070, at *7 (D. Nev. June 17, 2013).

17 **IV. Conclusion**

18 Accordingly,

19 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Verizon
20 Wireless' motion to partially dismiss, (doc. # 10), be, and the same hereby is, GRANTED.

21 The plaintiff's claim for age discrimination (to the extent relief is sought under Nevada state
22 law) (claim one) is dismissed with prejudice.

23 The plaintiff's claim for national origin discrimination (to the extent relief is sought under
24 Nevada state law) (claim two) is dismissed with prejudice.

25 The plaintiff's claim for "public policy tort" (claim three) is dismissed with prejudice.

26 The plaintiff's claim for "respondeat superior" (claim four) is dismissed with prejudice.

27
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

The plaintiff's claim for "negligent hiring, supervision, and/or training" (claim five) is dismissed with prejudice.

The plaintiff's claim for age discrimination pursuant to N.R.S. 613.330 (claim seven) is dismissed with prejudice.

The plaintiff's claim for "intentional infliction of emotional distress" (claim eight) is dismissed with prejudice.

DATED May 27, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**