UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALFRED LO, | Case No. 2:13-CV-2329 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| VERIZON WIRELESS LLC, | |
| Defendant(s). | |

Presently before the court is defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon") motion for summary judgment. (Doc. # 59). To date, *pro se* plaintiff Alfred Lo ("plaintiff") has not responded, and the deadline to respond has now passed. On June 1, 2015, Verizon filed a notice of non-opposition. (Doc. # 60).

**I.   Background**

This is a *pro se* employment discrimination action. On November 29, 2010, plaintiff began working for Verizon as a system performance engineer. Plaintiff is an Asian male of Chinese national origin. At the time relevant to the complaint, he was fifty-three years old. (Doc. # 59 at 5).

Plaintiff interviewed for his position at Verizon with three employees, all of whom were older than 40 years of age. (Doc. # 59 at 5). Some of plaintiff's interviewers and co-workers were of Asian descent. (Doc. # 59 at 5). Verizon gave plaintiff sixteen hours of formal training and additional on-the-job training. (Doc. # 59 at 5-6). Plaintiff did not always prepare for these training sessions, and he failed to read an email about mentor tutoring from his supervisor. (Doc. # 59 at 6).

**James C. Mahan**
**U.S. District Judge**

1	Verizon hired plaintiff because he appeared to be qualified for his position, but he demonstrated that he could not perform his job, even after peers, superiors, and third-party training instructors tried to mentor him.  (Doc. # 59 at 14).  Plaintiff could not name any co-workers who received more training from Verizon than he did, and plaintiff admitted that his job performance was poor.  (Doc. # 59 at 6-7).  Verizon placed plaintiff on a performance improvement plan, but he remained at the "Needs Improvement" level.  (Doc. # 59 at 8).

On May 19, 2011, Verizon warned plaintiff that he had violated the company's alcohol policy when he offered beer to a third-party training instructor, which other Verizon employees perceived to be a bribe.  (Doc. # 59 at 8).

On August 8, 2011, plaintiff sent a resignation email to his manager.  (Doc. # 59 at 9).  During his exit interview on or about August 17, 2011, plaintiff stated that his chief reason for resignation was a lack of peer support.  (Doc. # 59 at 9).  Plaintiff's resignation email did not mention any discrimination by Verizon on the basis of age or national origin.  (Doc. # 59 at 10).

On August 18, 2011, plaintiff attempted to rescind his resignation in another email, but Verizon rejected his rescission.  (Doc. # 59 at 9-10).  Plaintiff then sent a farewell email to his co-workers, and his last day of work for Verizon was August 19, 2011.  (Doc. # 59 at 10).  Plaintiff did not raise any claims of discrimination or retaliation in either of these two emails.  (Doc. # 59 at 10).

On September 8, 2011, plaintiff wrote a letter to the Nevada Unemployment Security Division ("NUSD") which detailed his reasons for leaving Verizon.  (Doc. # 59 at 10).  Plaintiff noted in the letter that his job performance with Verizon was subpar.  (Doc # 59-9).  The letter never alleged that Verizon had discriminated against plaintiff on the basis of age or national origin.  (Doc. # 59 at 11).

On April 26, 2012, plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), complaining of Verizon's alleged retaliation and discrimination.  (Doc. # 59 at 11).  On September 30, 2013, plaintiff received a letter from the EEOC containing a notice of his right to sue Verizon.  (Doc. # 1-2).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On December 23, 2013, plaintiff filed his complaint pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination and Employment Act of 1967 ("ADEA"). (Doc. # 1); 42 U.S.C. § 2000(e). Defendant now moves for summary judgment.

**II.     Legal standard**

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. LR 7-2(d). However, a court cannot grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition).

Even without an opposition, the court must apply standards consistent with Federal Rule of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry*, 983 F.2d at 950. *See also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).[1]

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at

---

[1] "[S]ummary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

**James C. Mahan**
**U.S. District Judge**

trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**III. Discussion**

   *A. Age discrimination*

The Age Discrimination in Employment Act makes it "unlawful for an employer . . . [to] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a case of age discrimination, the plaintiff must show that (1) he was over the age of forty; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) individuals outside of his protected class were treated more favorably than he was. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). Moreover, the plaintiff must prove that his

**James C. Mahan**
**U.S. District Judge**

- 4 -

age was the but-for cause of the adverse employment action that he experienced. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009).

Although plaintiff is older than forty, the court has no evidence before it that Verizon treated other employees outside plaintiff's protected class more favorably. Plaintiff alleges in his complaint that his co-workers received better equipment and training than he did. However, these co-workers were also over the age of forty. (Doc. # 59 at 20-21). Plaintiff has made no effort to present evidence that Verizon discriminated against him because of his age instead of his job performance.

Moreover, plaintiff voluntarily resigned from his position at Verizon. (Doc. # 59-5). Therefore, the court cannot conclude that plaintiff's age was the but-for cause of his termination. Accordingly, the court finds that Verizon is entitled to summary judgment on this claim.

*B. National origin discrimination*

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Verizon attaches plaintiff's charge of discrimination filed with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC"). (Doc. # 59-10). In that charge, dated April 24, 2012, plaintiff alleged age discrimination, race discrimination, and retaliation. (Doc. # 59-1). By contrast, plaintiff alleged discrimination "due to his age and national origin" in his initial complaint. (Doc. # 1 at 2).

A plaintiff may litigate a claim for which administrative remedies are available only if that claim was included in an EEOC charge or related to allegations in the charge. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *see also Pope v. Motel 6*, 114 P.3d 277, 280-81 (Nev. 2005) (applying same exhaustion standard to discrimination claims before the Nevada Equal Rights Commission).

Non-listed claims may be considered administratively exhausted where they are "like or reasonably related to the allegations made before the EEOC . . . [or] within the scope of an EEOC

**James C. Mahan**
**U.S. District Judge**

- 5 -

investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citation and quotation marks omitted).

Plaintiff failed to exhaust his administrative remedies for national origin discrimination in the instant case. Any claims based on the 2012 charge are now time-barred. *See Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) (noting 90 day statute of limitations to bring suit from date EEOC dismisses claim). As Verizon notes, the operative charge of discrimination does not mention national origin. National origin is a separate charge unrelated to the allegations of age discrimination and retaliation. Investigation of national origin discrimination would not reasonably stem from the relevant charge.

The boxes that plaintiff marked on his EEOC charge form do not correlate with the types of discrimination that plaintiff alleged in his complaint, which set forth the original theory of his case. *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1100 (9th Cir. 2002) (noting that "the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case"); *see also El-Mosalamy v. Charles R. Drew Univ.*, No. 99-56645, 2000 WL 735581, at *1 (9th Cir. June 7, 2000) (finding failure to exhaust a race claim despite allegations of national origin discrimination in EEOC charge). On this basis, plaintiff failed to exhaust his administrative remedies with regard to his claims for national origin discrimination.

Moreover, even if plaintiff had exhausted this claim, plaintiff fails to make a prima facie case for national origin discrimination. (Doc. # 59 at 4). The evidence does not show that plaintiff suffered an adverse employment action. Accordingly, the court finds that Verizon is entitled to summary judgment on this claim.

C. *Retaliation*

Under Title VII, "it is unlawful to retaliate against an employee because she has taken action to enforce rights protected under Title VII." *Miller v. Fairchild*, 797 F.2d 727, 730 (9th Cir. 1986). To establish a prima facie case for retaliation, a plaintiff must demonstrate: (1) protected activity; (2) an adverse employment action; and (3) a causal link between these two events. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006). Section

**James C. Mahan**
**U.S. District Judge**

1  1981 also applies to retaliation claims based on race. *Manatt v. Bank of Am.*, *N.A.*, 339 F.3d 792, 800-01 (9th Cir. 2003).

"Temporal proximity between protected activity and an adverse employment action can by itself constitute sufficient circumstantial evidence of retaliation in some cases." *Bell v. Clackamas Cty.*, 341 F.3d 858, 865 (9th Cir. 2003). Further, "where . . . the person who exhibited discriminatory animus influenced or participated in the decision-making process, a reasonable factfinder could conclude that the animus affected the employment decision." *Dominguez-Curry v. Nev. Trans. Dep't*, 424 F.3d 1027, 1038-39 (9th Cir. 2005).

"Once a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-retaliatory explanation for the action." *Miller*, 797 F.2d at 731. "If the employer successfully rebuts the inference of retaliation that arises from establishment of a prima facie case, then the burden shifts once again to the plaintiff to show that the defendant's proffered explanation is merely a pretext for discrimination." *Id.*

The Supreme Court has recently clarified the standard of proof with respect to causation, holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Plaintiff has failed to prove that Verizon retaliated against him. To prove a retaliation claim, plaintiff must show evidence that he engaged in protected activity; that he suffered an adverse employment action; and that the protected activity and the adverse employment action were linked by but-for causation. Plaintiff conducted no protected activity during his employment. Plaintiff did not file his EEOC claim until after his resignation. Therefore, plaintiff has not pled sufficient facts in support of his retaliation claim, and the court finds that Verizon is entitled to summary judgment.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment, (doc. # 59), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of the court enter judgment in favor of defendant and close this case.

DATED June 8, 2015.

_____
UNITED STATES DISTRICT JUDGE